UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SAMUEL HIGGS

                    CASE NO.:

      Plaintiff,

vs.

ATLANTIC & PACIFIC
ASSOCIATION MANAGEMENT, INC.

      Defendant.

_____/

## COMPLAINT

Plaintiff Samuel Higgs ("Mr. Higgs") sues Defendant Atlantic & Pacific Association Management, Inc. ("A&P") and alleges:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1. Plaintiff Mr. Higgs is an individual who resides in Miami-Dade County, Florida, is *sui juris*, and above the age of 18.

2. Defendant A&P is a Florida corporation with its main office in Boca Raton, FL and its mailing address in Bay Harbor Islands, FL. Defendant A&P does business in Miami-Dade County, Florida, within this District. A&P employs thousands of employees. A&P's acts and omissions underlying Mr. Higgs' claims herein occurred in Miami-Dade County, Florida, within this district.

3. This action arises out of Title VII of the Civil Rights Act, 42 U.S.C. §2000(e) et seq., such that this court has federal question jurisdiction over this action under 28 U.S.C. §1331.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

4. Mr. Higgs is African-American and black.

5. For more than 9 years, until his constructive termination in January 2019, Mr. Higgs was employed by A&P to work at the Waverly at South Beach, a condominium (the "Waverly"), whose address is 1330 West Avenue, Miami Beach, FL 33139. Mr. Higgs initially worked for A&P at the Waverly part-time, recruiting and training front-desk personnel. Mr. Higgs then became a full-time employee as a supervisor at the front desk, and also provided administrative support to A&P's management team.

6. Mr. Higgs was highly successful in his job, and enjoyed working for A&P at the Waverly, until April of 2018, when A&P hired a new property manager for the Waverly named Gina Slatcoff Chevannes ("Ms. Chevannes"). Ms. Chevannes had direct managerial and supervisory authority over Mr. Higgs and others, and had the power and authority to fire A&P employees who worked at The Waverly, including Mr. Higgs.

7. Ms. Chevannes repeatedly and consistently harassed, mistreated and abused A&P's African-American and dark-skinned employees at the Waverly, including Mr. Higgs. Ms. Chevannes' abuse and mistreatment, described below, was not similarly directed toward A&P's light-skinned and/or white employees. Ms. Chevannes' abusive behavior, specifically directed toward African-American and dark-skinned employees, including Mr. Higgs, was unwelcome, was based on their race and/or skin color, and included repeatedly speaking in a harsh, disrespectful and dismissive tone, assigning unnecessary, time-consuming and repetitive tasks, snapping her fingers at them and banging her hands on their desks, ridiculing them, criticizing their appearance and/or attire, ordering an employee to engage in activities she knew would exacerbate a medical condition, making false derogatory statements about Mr. Higgs to

2

residents at the Waverly, and using the "N" word.  Ms. Chevannes' misconduct also included threatening to take away Mr. Higgs' chair at the front desk, knowing that he suffers from a disease of the spine – Ankylosing Spondylitis -- which would become aggravated if he were required to stand for long periods of time.  In addition, during her brief tenure at the Waverly, Ms. Chevannes specifically targeted for termination and either terminated, or caused to resign, numerous African-American and/or dark-skinned employees. Ms. Chevannes did not similarly target for termination white and light-skinned employees.  Ms. Chevannes' abuse, directed specifically toward the African-American and dark-skinned employees, created an atmosphere of terror and dread, and a hostile working environment, that was so pervasive so as to materially alter the terms of Mr. Higgs' employment with A&P.

8. Mr. Higgs reported Ms. Chevannes' abusive misconduct to A&P repeatedly, both orally and in writing.  Mr. Higgs reported Ms. Chevannes' abusive misconduct both to A&P's Human Resources Department and to A&P's management.

9. A&P failed to take reasonable steps to investigate, prevent, correct, or address Ms. Chevannes' abusive and discriminatory misconduct during the time in which Mr. Higgs was employed by A&P.  To the contrary, A&P's response to Mr. Higgs' reports of Ms. Chevannes' abuse included telling Mr. Higgs that he should forget the past and think only of the future, and that A&P stood by its managers.

10. By failing to reasonably address Mr. Higgs' complaints and by requiring Mr. Higgs to work under Ms. Chevannes' repeated harassment and abuse, A&P imposed working conditions that were so intolerable that a reasonable person in Mr. Higgs' position would have been compelled to resign.

11. On or around January 25, 2019, Mr. Higgs resigned from his position at the Waverly with A&P, as he was unable to further tolerate Ms. Chevannes' abuse and harassment, and because A&P had refused to take any action to further prevent Mr. Higgs and other African-American and dark-skinned A&P employees at the Waverly from being subjected to Ms. Chevannes' abuse.

12. Mr. Higgs has retained undersigned counsel and is obligated to pay undersigned counsel a reasonable fee for their services.

13. As a direct and proximate result of Ms. Chevannes' abuse and misconduct, and A&P's failure to investigate, prevent, correct and address Ms. Chevannes' abuse and misconduct, Mr. Higgs suffered: emotional distress, anxiety, depression, sleeplessness and stomach cramps, a loss of back pay, loss of front pay, lost vacation time, loss of a promotion and a demotion, and a reduction in his bonus. Mr. Higgs also seeks an award of punitive damages against A&P for Ms. Chevannes' intentional misconduct as alleged herein, and A&P's knowing failure to investigate, prevent, correct and address it.

14. All conditions precedent have been performed or have occurred.

15. On August 9, 2019, Mr. Higgs, through undersigned counsel, filed a charge letter setting forth the facts that form the basis for the claims herein with the Equal Employment Opportunity Commission ("EEOC"). A genuine copy of Mr. Higgs' charge letter is attached as "Ex. A" and incorporated herein. The EEOC issued a right to sue letter for Mr. Higgs' claims against A&P on April 30, 2020, a genuine copy of which is attached as "Ex. B".

## COUNT I – HOSTILE WORK ENVIRONMENT UNDER TITLE VII

16. Mr. Higgs incorporates the allegations in paragraphs 1 through 15 as if fully set forth herein.

17. This is an action for hostile work environment under Title VII of the Civil Rights Act of 1964.

18. Mr. Higgs was subjected, while working for A&P, to unwelcome harassment and abuse by his direct supervisor Ms. Chevannes, as alleged in detail above. The unwelcome harassment and abuse was based on Mr. Higgs' race and skin color. Ms. Chevannes also targeted and subjected numerous other African-American and dark-skinned A&P employees to harassment and abuse based upon their race and skin color, which harassment and abuse created an atmosphere of anxiety, dread and terror that directly, deeply and adversely affected Mr. Higgs. A&P employees at the Waverly who were not African-American and/or dark-skinned were treated substantially better by Ms. Chevannes, and were generally not subjected to her harassment and abuse.

19. The harassment and abuse was sufficiently severe and pervasive so as to materially alter the terms of Mr. Higgs' employment with A&P and create an abusive and hostile working environment.

20. A&P failed to reasonably investigate, prevent, address and correct the harassment and abuse, even after having been informed of the harassment and abuse, knowingly electing to stand by Ms. Chevannes to the detriment of A&P's dark-skinned and African-American employees, including Mr. Higgs.

21. As a direct and proximate result of Ms. Chevannes' harassment and abuse, and A&P's knowing and intentional failure to reasonably investigate, prevent, address and correct the harassment and abuse, Mr. Higgs suffered damages, including but not limited to lost back pay, lost front pay, emotional distress, depression, stomach cramps, loss of confidence, loss of ability

5

to obtain another job that pays as much as he was earning at A&P.  Mr. Higgs also seeks and is entitled to recover punitive damages against A&P.

WHEREFORE, Plaintiff Samuel Higgs, demands judgment for compensatory damages, punitive damages, and reasonable attorneys' fees and costs against Defendant Atlantic & Pacific Association Management, Inc. under Title VIII, and other relief the Court deems appropriate.

### COUNT II – CONSTRUCTIVE TERMINATION UNDER TITLE VII

22. Mr. Higgs incorporates the allegations in paragraphs 1 through 15 as if fully set forth herein.

25. This is an action for constructive termination under Title VII of the Civil Rights Act of 1964.

26. Mr. Higgs was subjected, while working for A&P, to unwelcome harassment and abuse by his direct supervisor Ms. Chevannes, as alleged in detail above.  The unwelcome harassment and abuse were based on Mr. Higgs' race and skin color.  Ms. Chevannes also targeted and subjected numerous other African-American and dark-skinned A&P employees to harassment and abuse based upon their race and skin color, which harassment and abuse created an atmosphere of anxiety, dread and terror that directly, deeply and adversely affected Mr. Higgs.  A&P employees at the Waverly who were not African-American and/or dark-skinned were treated substantially better by Ms. Chevannes, and were generally not subjected to her harassment and abuse.

27. Mr. Higgs' working conditions at A&P, while under the direct supervision of Ms. Chevannes, were so intolerable that a reasonable person in his position would have been compelled to resign.

29.	A&P failed to reasonably investigate, prevent, address and correct the harassment and abuse, even after having been informed of the harassment and abuse, knowingly electing to stand by Ms. Chevannes to the detriment of A&P's dark-skinned and African-American employees, including Mr. Higgs.

30.	Unable to tolerate the working conditions at A&P under Ms. Chevannes' management, Mr. Higgs resigned from his employment with A&P in January 2019.

31.	As a direct and proximate result of Ms. Chevannes' harassment and abuse, and A&P's knowing and intentional failure to reasonably investigate, prevent, address and correct the harassment and abuse, which led to Mr. Higgs' constructive termination, Mr. Higgs suffered damages, including but not limited to lost back pay, lost front pay, emotional distress, depression, stomach cramps, loss of confidence, loss of ability to obtain another job that pays as much as he was earning at A&P.  Mr. Higgs also seeks and is entitled to recover punitive damages against A&P.

WHEREFORE, Plaintiff Samuel Higgs, demands judgment for compensatory damages, punitive damages, and reasonable attorneys' fees and costs against Defendant Atlantic & Pacific Association Management, Inc. under Title VII, and other relief the Court deems appropriate.

### **DEMAND FOR JURY TRIAL**

Plaintiff Samuel Higgs demands a trial by jury of all issues so triable.

LAPIN & LEICHTLING, LLP, 255 ALHAMBRA CIRCLE, SUITE 600, CORAL GABLES, FLORIDA 33134 (305) 569-4100

Dated:  May 28, 2020

                        Respectfully submitted,

                        LAPIN & LEICHTLING, LLP
                        *Attorneys for Plaintiff*
                        255 Alhambra Circle
                        Suite 600
                        Coral Gables, Florida 33134
                        Telephone No.:  (305) 569-4100
                        Facsimile No.:   (305) 569-0000


                        By:    /s/ Jonathan R. Rosenn
                              JONATHAN R. ROSENN
                              Florida Bar No.: 101346