THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-22218-DPG

SAMUEL HIGGS,

      Plaintiff,

vs.

ATLANTIC & PACIFIC
ASSOCIATION MANAGEMENT,
INC.,
      Defendant.
_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED

Defendant, ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. ("Defendant"), by and through undersigned counsel, hereby submits this Answer and Affirmative Defenses to Plaintiff's Amended Complaint, as follows:

### JURISDICTION AND VENUE ALLEGATIONS

1. Defendant is without knowledge as to the allegations in paragraph 1 of the Complaint, therefore, denied.

2. Defendant admits to jurisdiction within this Court, all other allegations in this paragraph are denied.

3. Admitted.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

4. Admitted.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Defendant is without knowledge as to the allegations in paragraph 12 of the Complaint, therefore, denied.

13. Denied.

14. Denied.

15. Admitted.

## COUNT I – HOSTILE WORK ENVIRONMENT UNDER TITLE VII

16. Defendant re-alleges and incorporates by reference the allegations in paragraphs 1 through 15 above as if fully set forth herein.

17. Defendant admits Plaintiff purports to bring a claim under for hostile work environment under Title VII of the Civil Rights Act of 1964. Defendant denies Plaintiff is entitled to any relief under such claim.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

In response to the PRAYER FOR RELIEF following Paragraph 21 of the Complaint, Defendant denies that Plaintiff is entitled to any relief whatsoever and specifically denies that Plaintiff is entitled to the relief enumerated therein.

## COUNT II – CONSTRUCTIVE TERMINATION UNDER TITLE VII

22. Defendant re-alleges and incorporates by reference the allegations in paragraphs 1 through 15 above as if fully set forth herein.

23. Plaintiff has not included a paragraph 23 in his Complaint.

24. Plaintiff has not included a paragraph 24 in his Complaint.

25. Defendant admits Plaintiff purports to bring a claim for constructive termination under Title VII of the Civil Rights Act of 1964. Defendant denies Plaintiff is entitled to any relief under such claim.

26. Denied.

27. Denied.

28. Plaintiff has not included a paragraph 28 in his Complaint.

29. Denied.

30. Admitted only that Plaintiff resigned from his position in January 2019. All other allegations in this paragraph are denied.

31. Denied.

In response to the PRAYER FOR RELIEF following Paragraph 31 of the Complaint, Defendant denies that Plaintiff is entitled to any relief whatsoever and specifically denies that Plaintiff is entitled to the relief enumerated therein.

## GENERAL DENIAL

Defendant denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein. Furthermore, Defendant denies that Plaintiff is entitled to any relief in this matter.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed in whole or in part to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Defendant states that all actions with regard to Plaintiff's employment would have occurred regardless of Plaintiff's race or any other protected activity.

### FOURTH AFFIRMATIVE DEFENSE

All of Defendant's employment related decisions made with respect to Plaintiff, or which affected Plaintiff, were made in good faith, for legitimate business reasons, and were based upon reasonable factors other than Plaintiff's alleged complaints.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's good faith efforts to comply with federal anti-discrimination laws preclude any recovery for punitive damages.

### SIXTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff must be reduced, in whole or in part, due to Plaintiff's mitigation of his damages and/or because Plaintiff failed to take reasonable efforts to mitigate his alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of laches, waiver, or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Assuming arguendo that Plaintiff is able to prove that a discriminatory intent was a motivating factor in the challenged employment decision(s), Defendant asserts a mixed motive defense because the alleged adverse employment decision at issue would have been made in the absence of any discrimination.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred to the extent that discovery shows he engaged in misconduct prior to, during, or in connection with his work with Defendant, that otherwise would have resulted in his separation.

## TENTH AFFIRMATIVE DEFENSE

Defendant has a well-disseminated and consistently enforced policy against discrimination, as well as a reasonable and available procedure for receiving and investigating complaints of alleged discrimination. To the extent Plaintiff failed to use or otherwise avail himself of these policies and procedures, his claims are barred pursuant to *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Ellerth v. Burlington Industries*, 118 S. Ct. 2257 (1999), and the Eleventh Circuit decision in *Mendoza v. Borden*, 195 F.3d 1238 (11th Cir. 1999).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not proximately caused by the conduct of Defendant. To the extent Plaintiff has suffered any mental anguish, loss of income and other damages, it was not caused by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert such additional defenses as discovery in this matter proceeds.

Dated: October 27, 2020                                Respectfully submitted,

                                                                     s/Jonathan S. Minick
                                                                     Jonathan S. Minick, Esq.
                                                                     FBN: 88743
                                                                     E-mail: jminick@jsmlawpa.com
                                                                     Jonathan S. Minick, P.A.
                                                                     169 E. Flagler St., Suite 1600
                                                                     Miami, Florida 33131
                                                                     Phone: (786) 441-8909
                                                                     Facsimile: (786) 523-0610
                                                                     Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 27, 2020, the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

## **SERVICE LIST**

Jonathan R. Rosen
Email: jrosenn@ll-lawfirm.com
Fla Bar No. 101346
LAPIN & LEICHTLING, LLP
*Attorneys for Plaintiff*
255 Alhambra Circle
Suite 600
Coral Gables, Florida 33134
Telephone No.: (305) 569-4100
Facsimile No.: (305) 569-0000
Service via CM/ECF